# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No.: 2:16-cv-00262-APG-BNW |
| Plaintiff | **Order (1) Denying Defendant SFR's Motion for Summary Judgment, (2) Granting Plaintiff's Motion for Summary Judgment, (3) Dismissing Plaintiff's Alternative Damages Claims as Moot, (4) Denying as Moot Defendant Maravilla's Motion for Summary Judgment, and (5) Setting Deadline for Further Action** |
| v. | |
| MARAVILLA AT MOUNTAIN'S EDGE HOMEOWNERS ASSOCIATION, et al., | |
| Defendants | |
| | [ECF Nos. 78, 79, 80] |

Plaintiff Bank of America, N.A. sues to determine whether a deed of trust encumbering property located at 8928 Marble Light Avenue in Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA), defendant Maravilla at Mountain's Edge Homeowners Association (Maravilla). Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the foreclosure sale.

Bank of America seeks a declaration that the deed of trust still encumbers the property. It also asserts alternative damages claims against Maravilla and Maravilla's foreclosure agent, defendant Nevada Association Services, Inc. (NAS). SFR counterclaims for declaratory relief that it purchased the property free and clear of the deed of trust. SFR also filed a declaratory relief cross-claim against the former homeowners, Arturo and Gabriela Osuna.

Bank of America, SFR, and Maravilla move for summary judgment on a variety of grounds. The parties are familiar with the facts, so I do not repeat them here except where necessary. I grant Bank of America's motion and deny SFR's motion because no genuine dispute remains that Bank of America tendered the superpriority amount, thereby extinguishing

the superpriority lien and rendering the sale void as to the deed of trust. I dismiss as moot Bank of America's alternative damages claims against Maravilla and NAS, so I also deny as moot Maravilla's motion for summary judgment. Finally, I set a deadline for SFR to either voluntarily dismiss its cross-claim against the Osunas or to move for default judgment on that claim.

## I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To

be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

Under Nevada Revised Statutes § 116.3116(2) as it existed at the time of the HOA sale in this case, the HOA's lien was superior to the deed of trust "to the extent of" any maintenance and nuisance abatement charges and "to the extent of the assessments for common expenses based on the periodic budget adopted by the association . . . which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien." An HOA institutes an action to enforce the lien "when it provides the notice of delinquent assessment." *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 388 P.3d 226, 231 (Nev. 2017). The superpriority amount thus consists of those assessments that are actually unpaid for up to nine months prior to the notice of delinquent assessment lien. *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 411 (Nev. 2014) (en banc) (describing the superpriority lien as "consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges"); *Saticoy Bay LLC, Series 346 S Milan St. v. MetLife Home Loans, LLC*, Nos. 74127, 74386, 437 P.3d 168, 2019 WL 1244785, at *1 (Nev. 2019) (rejecting the argument "that the superpriority portion includes an amount equal to 9 months of HOA assessments, regardless of whether they were actually owed when the enforcement action commenced").

Bank of America has met its initial burden on summary judgment of establishing that it tendered the superpriority amount in full. The monthly HOA assessment was $69 per month. ECF No. 79-12. At the time NAS recorded the notice of delinquent assessment lien on May 31, 2011, the prior homeowners owed three months of unpaid assessments plus a forwarded balance of $216, which I will assume consists of unpaid assessments, for a total superpriority amount of

$423.[1] ECF Nos. 79-4; 79-12. Prior to the HOA foreclosure sale, Bank of America tendered $540 to NAS to cover the superpriority amount. ECF No. 79-7 at 11-19. NAS refused to accept the check. *Id.* at 15, 19. SFR has presented no contrary evidence in response. Consequently, no genuine dispute remains that the superpriority lien was extinguished and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121.

SFR raises several arguments as to why tender did not extinguish the superpriority lien. None raises a genuine dispute precluding summary judgment.

### A. Two HOA Liens

SFR contends that there were two HOAs with delinquent assessment liens for this property and, under the applicable law, those liens have equal priority. SFR thus argues that Bank of America had to tender the superpriority amount to each HOA in order to preserve the deed of trust from being extinguished by the foreclosure sale. Bank of America argues that there is no dispute it tendered the superpriority amount to Maravilla, which is the only HOA lien that was foreclosed. Bank of America also contends that, in any event, it tendered the superpriority amount to both HOAs.

Bank of America has presented evidence that it tendered the superpriority amount to both HOAs. ECF Nos. 79-7; 79-12; 86-1. Moreover, I have previously rejected SFR's argument that both HOA liens must be satisfied, and I do so again here. *See Bank of New York Mellon v. Seven Hills Master Community Ass'n*, 2:16-cv-01128-APG-NJK, ECF No. 64 at 7-8.

### B. Evidentiary Challenges

SFR contends Bank of America cannot rely on NAS's ledger to prove the superpriority amount because the ledger is not authenticated by an employee of Maravilla. SFR also argues

---

[1] There is no evidence of maintenance or nuisance abatement charges.

4

that Bank of America asks the court to assume there are no maintenance or nuisance abatement charges. Next, SFR challenges the affidavit of Adam Kendis, a paralegal with the law firm Miles Bauer Bergstrom & Winters, LLP (Miles Bauer). And it argues that another Miles Bauer attorney, Douglas Miles, testified in another action that he does not retrieve or review the records himself, so the court should view the Kendis affidavit with suspicion.

Bank of America responds that Kendis need not be a custodian of records for NAS or Maravilla to authenticate the ledger, and Kendis stated that the ledger is what it appears to be, which is the ledger NAS sent to Miles Bauer in response to the Miles Bauer letter requesting the superpriority amount. Additionally, Bank of America contends NAS produced the same ledger from its own documents.

Bank of America has presented sufficient proof from which a reasonable jury could find the ledger from NAS "is what its proponent claims." Fed. R. Evid. 901(a). Kendis states he has personal knowledge of Miles Bauer's procedures for creating and maintaining its business records and he sets forth the prerequisites for the business records exception to hearsay. ECF No. 79-7 at 2; Fed. R. Evid. 803(6). The business records exception does not require that the custodian of records for the business that created the document be the one to authenticate it. *See MRT Const. Inc. v. Hardrives, Inc.*, 158 F.3d 478, 483 (9th Cir. 1998). Rather, someone from another business (like Miles Bauer) who relied upon the accuracy of the business record may properly authenticate it. *Id.* Miles Bauer's records show it requested the superpriority amount from NAS, and NAS responded by providing a ledger for this property. ECF No. 79-7. Miles Bauer then tendered $540 to NAS. *Id*.

Even if this evidence is not currently in admissible form, Bank of America need not present the evidence in admissible form at summary judgment. *Fraser v. Goodale*, 342 F.3d

5

1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents."). Bank of America could call witnesses from the HOA to identify the monthly assessment amount and from Miles Bauer and NAS to testify about the tender attempt. Because the evidence could be presented in admissible form at trial, I may consider it at summary judgment. *Id.*

SFR has presented no evidence to suggest the monthly assessment amount is anything other than what is reflected in NAS's ledger, and it has presented no other evidence of maintenance or nuisance abatement charges. SFR therefore has failed to raise a genuine dispute about the superpriority amount. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019) (holding tender of nine months of assessments was sufficient where the HOA's "ledger did not indicate that the property had incurred any charges for maintenance or nuisance abatement"). SFR's reliance on testimony by a different affiant in a different case about a different property does not raise a genuine dispute in this case. SFR "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). It has not done so here. *See Nationstar Mortgage LLC v The Springs at Spanish Trail Ass'n*, 2:15-cv-01217-JAD-GWF, 2019 WL 2250264, at *5 (D. Nev. May 24, 2019) (rejecting similar evidentiary challenges).

In sum, SFR does not present any evidence to dispute the superpriority amount, the existence or nonexistence of maintenance or nuisance abatement charges, or tender. Consequently, no genuine dispute remains that Bank of America tendered the superpriority amount, thereby extinguishing the superpriority portion of the lien and rendering the HOA sale void as to the deed of trust.

### C. Impermissible Conditions

SFR contends Chapter 116 precluded the HOA from entering into a contract with Bank of America through acceptance of the Miles Bauer tender that would waive the HOA's rights to a superpriority lien. Specifically, SFR argues that the Miles Bauer tender letter contained an impermissible condition that the HOA waive or subordinate its right to the portion of the superpriority lien consisting of maintenance and nuisance abatement charges. Bank of America responds that the Supreme Court of Nevada has already found an identical Miles Bauer letter to be a valid tender. Additionally, Bank of America notes that arguments about maintenance or nuisance abatement charges are irrelevant because there is no evidence of these types of charges related to this property and any such charges arising later would not be part of the superpriority lien unless the HOA filed a new notice of delinquent assessment lien.

The Supreme Court of Nevada has already held that where, as here, there is no evidence of maintenance or nuisance abatement charges, identical Miles Bauer letters did not impose impermissible conditions on tender. *See Bank of Am., N.A.*, 427 P.3d at 117-18; *BDJ Invs., LLC v. Bank of Am., N.A.*, No. 76481, 448 P.3d 573, 2019 WL 4392466, at *1 (Nev. 2019) ("Because nothing in the record indicates that the HOA had incurred any maintenance or nuisance abatement charges at the time the tender was made, the letter cannot reasonably be construed as forcing the HOA to waive its right to afford superpriority status to any such charges that might be assessed in the future."); *Alliant Commercial, LLC v. Bank of New York Mellon*, No. 76565, 443 P.3d 544, 2019 WL 2725620, at *1 (Nev. 2019) ("Assuming without deciding that the tender contained a misstatement of law, such a misstatement is not an impermissible condition as it does not require anything of the HOA for the HOA to be able to accept the tender. Furthermore, no such [maintenance and nuisance abatement] charges are at issue in this case. Thus, the purported

7

misstatement does not alter the tender's legal effect."). Because there is no evidence of maintenance or nuisance abatement charges, the tender letter did not contain impermissible conditions. Additionally, if such charges arose later, the HOA "would have been required to issue new foreclosure notices if it sought to afford those costs superpriority status." *Doreen Properties, LLC v. U.S. Bank Nat'l Ass'n as Tr. for Holders of Bear Sterns Alt-A Tr. 2006-3*, No. 75885-COA, 2019 WL 2474893, at *1 (Nev. App. June 12, 2019) (citing *Property Plus Invs., LLC v. Mortgage Elec. Registration Sys.*, 401 P.3d 728, 731-32 (Nev. 2017) (en banc) (stating that the HOA is not limited to one superpriority lien but it must initiate a new foreclosure process to enforce a second superpriority default)).

### D. Equities and Bona Fide Purchaser

SFR argues that even if Bank of America tendered the superpriority amount, I still must balance the equities before setting aside the sale, which would include an evaluation of SFR's bona fide purchaser status. SFR also argues Bank of America waived the right to assert tender, should be equitably estopped from doing so, and has unclean hands. Bank of America responds that because the tender extinguished the superpriority lien as a matter of law, I should not balance the equities or consider SFR's status as a bona fide purchaser. Alternatively, Bank of America argues that if I do, I should rule in its favor because it tendered, NAS wrongfully rejected tender, and the sale price was grossly inadequate. Finally, Bank of America argues waiver, estoppel, and unclean hands do not apply because it did what it was supposed to do to preserve the deed of trust by making a valid tender.

"[T]ender of the superpriority portion of an HOA lien satisfies that portion of the lien by operation of law." *Bank of Am., N.A.*, 427 P.3d at 120. Because "valid tender cured the default as to the superpriority portion of the HOA's lien, the HOA's foreclosure on the entire lien

resulted in a void sale as to the superpriority portion." *Id.* at 121. A "party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Id.* For these same reasons, I do not weigh the equities if tender was valid because "the voiding of the foreclosure sale as to the superpriority portion of the lien is ultimately the result of the operation of law and not equitable relief." *Salomon v. Bank of Am., N.A.*, No. 75200-COA, 2019 WL 3231009, at *2 n.3 (Nev. App. July 17, 2019).

Finally, Bank of America "has not waived its right to protect its deed of trust, is not estopped from asserting that right, nor does it have unclean hands because it allowed [the HOA's] foreclosure to proceed without interceding to halt the foreclosure" because Bank of America satisfied the superpriority portion of the lien before the foreclosure, so it "was under no obligation to intercede or halt the foreclosure once it protected its own interest." *Bank of New York Mellon v. Green Valley S. Owners Ass'n*, No. 1, No. 2:17-CV-2024-KJD-EJY, 2019 WL 4393356, at *6 (D. Nev. Sept. 13, 2019); *see also Bank of America, N.A.*, 427 P.3d at 119-21 (tender need not be recorded or deposited into court).

**E. Standing**

SFR contends that Bank of America lacks standing to enforce the note and deed of trust because it has not produced the original note, deed of trust, or assignment to Bank of America. It also argues that Bank of America must establish that the note and deed of trust have been reunified through valid transfers to Bank of America. Finally, SFR contends Bank of America cannot rely on the recorded documents or copies of those documents because in other cases it has been shown that recorded documents were inaccurate or inauthentic.

Bank of America responds that it does not seek to enforce the note in this action so arguments about the note are irrelevant. Bank of America contends it is undisputed that it is the beneficiary of record for the deed of trust and SFR has presented no evidence to the contrary.

The question in this case is not whether Bank of America could presently foreclose. The question is whether Bank of America has a sufficient interest in the deed of trust that it has standing to seek declaratory relief as to the deed of trust's continuing validity. Bank of America is the beneficiary of record. ECF Nos. 79-2; 79-3. SFR has presented no contrary evidence. Bank of America therefore has standing to seek a declaration that the deed of trust remains an encumbrance on the property. SFR's contention that some documents in other cases have been shown to be incorrect or inauthentic does not raise an issue of fact in this case. SFR must show "more than metaphysical doubt as to the material facts," and it "has not done so here." *Berezovsky v. Moniz*, 869 F.3d 923, 933 (9th Cir. 2017) (quotation omitted). Speculation that there might be errors is insufficient to preclude summary judgment. *Emeldi v. Univ. of Oregon*, 698 F.3d 715, 728 (9th Cir. 2012).

**F. Summary**

In sum, Bank of America has met its initial burden at summary judgment in showing that it tendered the superpriority portion of the HOA's lien, thereby rendering the sale void as to the deed of trust. SFR has not presented evidence raising a genuine dispute in response. Consequently, SFR purchased the property subject to the deed of trust.

**G. SFR's Claim Against the Osunas**

SFR previously moved for default judgment against the Osunas, which I denied without prejudice. ECF Nos. 77, 90. SFR must now either move for default judgment or voluntarily dismiss that claim. A motion for default judgment must include proof of this court's diversity

jurisdiction over the cross-claim. If SFR does not take either of those actions, I will dismiss the cross-claim without prejudice.

## II.  CONCLUSION

I THEREFORE ORDER that defendant SFR Investments Pool 1, LLC's motion for summary judgment **(ECF No. 78) is DENIED**.

I FURTHER ORDER that plaintiff Bank of America, N.A.'s motion for summary judgment **(ECF No. 79) is GRANTED**.  The clerk of court is instructed to enter judgment in favor of plaintiff Bank of America, N.A. and against defendant SFR Investments Pool 1, LLC as follows: It is declared that the homeowners association's non-judicial foreclosure sale conducted on April 7, 2014 did not extinguish the deed of trust and the property located at 8928 Marble Light Avenue in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Bank of America, N.A.'s alternative damages claims against defendants Maravilla at Mountain's Edge Homeowners Association and Nevada Association Services, Inc. are DISMISSED as moot.

I FURTHER ORDER that defendant Maravilla at Mountain's Edge Homeowners Association's motion for summary judgment **(ECF No. 80) is DENIED as moot.**

I FURTHER ORDER by March 9 2020, cross-claimant SFR Investments Pool 1, LLC must either move for default judgment or voluntarily dismiss its cross-claim against Arturo Osuna and Gabriela Osuna.  A motion for default judgment must include proof of this court's diversity jurisdiction over the cross-claim.  If SFR does not take either of those actions by that date, I will dismiss the cross-claim without prejudice.

DATED this 18th day of February, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE